## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JOHN W. SOAVE** ) | **Civil Action No.** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer for Defendant's violations of for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.* This law prohibits Credit Reporting Agencies, such as Equifax, from reporting inaccurate information, failing to follow procedures to ensure maximum possible accuracy, and failing to conduct a reasonable investigation and/or reinvestigation of disputed information.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff, John W. Soave is an adult individual residing in Genesee County, Michigan.

5.      Defendant Equifax Information Services LLC (hereafter "Equifax") is a consumer reporting agency that regularly conducts business in the Eastern District of Michigan, and which has a principal place of business located at 1500 Peachtree St. NW, Atlanta, GA 30309.

1

## FACTUAL ALLEGATIONS

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") known and unknown since at least August 2016 through the present.

7.      The inaccurate information includes reporting an unpaid civil judgment that does not belong to Plaintiff.

8.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer.  Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff and that of other consumer(s) with respect to the inaccurate information and other personal identifying information.

9.      Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated and resold to various persons, both known and unknown since at least August 2016.

10.      Plaintiff's credit report(s) and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers.

11.      Plaintiff has disputed the inaccurate information with Equifax by following Equifax's established procedures for disputing consumer credit information. Plaintiff has disputed

the inaccurate information with Equifax on multiple occasions from August 2016 through the present.

12.     Notwithstanding Plaintiff's efforts, Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, and Equifax intends to continue publishing the inaccurate information.  Equifax has repeatedly published and disseminated consumer reports to such third parties, both known and unknown, from at least August 2016 through the present,

13.     Despite Plaintiff's efforts, Equifax has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities who brought the relevant lawsuits.

14.     As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

15.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**COUNT I – EQUIFAX**
**VIOLATIONS OF THE FCRA**

17.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18.     At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency for information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

22.     The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**JURY TRIAL DEMAND**

23.     Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

        (a) Actual damages;

        (b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:    _/s/ Geoffrey H. Baskerville_
       GEOFFREY H. BASKERVILLE, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

       Attorneys for Plaintiff

DATE: January 27, 2017

5